IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


PEARLEANA RICHMOND                                            Plaintiff

v.                           4:04CV000538 JLH/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                      Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Pearleana Richmond, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income (SSI), based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and whether it is based on legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on high blood pressure, thyroid problem and rheumatoid arthritis. (Tr. 121) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether

the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 28, 2003, the date of his decision. (Tr. 24) On May 15, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 47 years old at the time of the hearing. (Tr. 29) She completed the tenth grade in school. Id. She had no past relevant work. (Tr. 23)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of

---

[1]The Hon. J. Frederick Gatzke.

impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 1986, her alleged onset of disability. (Tr. 23) He found that Plaintiff had "severe" impairments, myalgias and myofascial pain due to polyarthritis with positive rheumatoid factor and status post open reduction and internal fixation of the fifth metatarsal fracture, but that she did

4

not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding her impairment and its impact on her ability to work were not totally credible.  Id.

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work activity and had no significant nonexertional impairments.  Id.

He noted that she had no substantial gainful work experience in the past 15 years.  Id.  He ALJ correctly noted that, once Plaintiff was determined to have no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 22)

The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.24, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled.  (Tr. 23)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff points out that the ALJ found that she was capable of sedentary work.  (Br. 5, Tr. 22, 23)  She correctly points out that the ALJ, in application of the Medical-Vocational Guidelines, inconsistently stated that she was capable of light work activity. (Tr. 22)  While Plaintiff's point is well taken, it seems clear that the statement that she was capable of light work was scrivener's error.  Twice, the ALJ correctly stated that she was capable of only sedentary work.  (Tr. 22, 23)  More importantly, all of Table No. 1,

5

Appendix 2, Subpart P, Regulations No. 4 deals with sedentary, as opposed to light, work.

Plaintiff also contends that the Rule that the ALJ utilized to find that she was not disabled applied to persons 18-44, not to those 45-49, like she. (Br. 5) There are two relevant periods of time in this case. Plaintiff was last insured for the purposes of Title II March 31, 1986. (Tr. 23) In order to receive Disability Insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998); Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990). She alleged an onset of disability on January 1, 1986. Therefore, for the purposes of Disability Insurance benefits, the relevant period is January 1 through March 31, 1986.

For purposes of SSI, Plaintiff's application was filed in May of 2002. (Tr. 315) SSI benefits are not payable for a period prior to the application. Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir. 1989). An applicant must be disabled during the pendency of his or her application. Turley v. Sullivan, 939 F.2d 524, 527 (8th Cir. 1991). The ALJ's decision is dated October 28, 2003. (Tr. 24) Therefore, the relevant time period for SSI is May, 2002, through October 28, 2003.

Rule 201.24 would have been applicable to Plaintiff's Disability Insurance benefits claim, since she was 31 years old at the time that she was last insured. Rule 201.18, which the ALJ did not mention, would have been applicable to her SSI claim. The ALJ did not cite

6

Rule 201.18, but the error is harmless, because it also directed a finding of not disabled.

Plaintiff suggests that, because she will be 50 years old October 12, 2005, and Rule 201.19 directs a finding of disabled, that she should have been evaluated under that Rule, too. A claimant's age as of the time of the decision governs in applying the regulations. Varley v. Secretary of Health & Human Services, 820 F.2d 777, 780 (6th Cir. 1987); Russell v. Commissioner of Social Security, 20 F.Supp.2d 1133, 1134 (W.D. Mich. 1998). If, as Plaintiff seems to suggest, this were not so, then courts would constantly remand cases as claimants aged through the appellate process.

Next, Plaintiff argues that substantial evidence does not support the ALJ's decision because he did not present evidence from a vocational expert. (Br. 6-10)

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. Groeper, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not **significantly** diminish the claimant's RFC to perform the full range of activities listed in the guidelines. Thompson, 850 F.2d at 349-350 (emphasis added).

Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th

7

Cir. 2003); Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001); Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999).

The record firmly supports the ALJ's finding that Plaintiff had no nonexertional impairment that significantly affected her residual functional capacity to perform a full range of sedentary work activities.

In support of her argument, Plaintiff points to her testimony of pain, swelling, dizziness and sleepiness, and contends that the ALJ improperly discredited that testimony. (Br. 7) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[2] (Tr. 17-22)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>     1. the claimant's daily activities;
>
>     2. the duration, frequency and intensity of the pain;
>
>     3. precipitating and aggravating factors;
>
>     4. dosage, effectiveness and side effects of medication;
>
>     5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

---

[2] The ALJ also cited S.S.R. 96-7p, 20 C.F.R. §§ 404.1529 and 416.929. That ruling tracks Polaski and the two regulations and elaborates on them.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations during the relevant periods showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of treatment for significant periods of time, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See Thomas v. Sullivan, 928 F.2d 255, 259-60 (8th Cir. 1991); Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989).

For instance, although Plaintiff contended that her medications made her sleepy and she had to take one or two naps during the day, as the ALJ properly noted, she had never reported any such side effects to her physicians. (Tr. 21, 22) There is no evidence that Plaintiff complained of any side effects of her medication with any doctor, so the ALJ was justified in rejecting that claim. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); see Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994); Richmond v. Shalala, 23 F.3d 1441, 1444 (8th Cir. 1994); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1994).

Plaintiff achieved relief of her symptoms on prednisone. (Tr. 235) However, she let her prescription run out. (Tr. 233) Her

9

doctor also started her on methotrexate, and was enthusiastic about its use. (Tr. 235) However, she stopped taking it, and had missed an appointment where the doctor had intended to increase her dosage. (Tr. 232)

Plaintiff criticizes the ALJ's failure to list the Polaski factors, and argues that he made no reference to her activities of daily living. (Br. 8) The ALJ cited Polaski, S.S.R. 96-7p, 20 C.F.R. §§ 404.1529 and 416.929. There was no reason to list every factor. Furthermore, the ALJ noted her sitting, standing, cooking and yard work. (Tr. 21) Those are activities of daily living.

The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Finally, Plaintiff asserts that the ALJ failed to adequately comply with S.S.R. 96-8p because he did not make a function-by-function analysis of her residual functional capacity. (Br. 10-11) The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations. Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

The ALJ's residual functional capacity determination clearly included physical functioning, as called for by the Ruling and 20

C.F.R. §§ 404.1545(b) and 416.945(b) (2003).[3]  Consistent with the Ruling, the ALJ narratively discussed medical evidence, subjective complaints and other evidence, recognized that her impairments created limitations and incorporated those limitations into the residual functional capacity. (Tr. 17-23) A fair reading of the ALJ's opinion reveals that he properly determined Plaintiff's residual functional capacity.  Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion"

---

[3] Both § 404.1545 and 416.945 also contain a paragraph (c) pertaining to mental functioning and a paragraph (d) dealing with other abilities affected by impairments, such as vision, hearing, skin impairments, etc.  There were no such impairments in this case.

of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

    THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

    IT IS SO ORDERED.

    DATED this 11th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE